SO ORDERED.
SIGNED 8th day of October, 2025

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Nancy B. King
U.S. Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANIEL PAUL PALMER, and | ) | Case No. 3:24-bk-04492 |
| COUMBA SOW PALMER, | ) | Chapter 7 |
| | ) | Judge Nancy B. King |
| Debtors. | ) | |
| | ) | |
| JODY WAYNE TUCKER and DEVON TUCKER, | ) | Adversary No. 3:25-90042 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL PAUL PALMER, and | ) | |
| COUMBA SOW PALMER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Daniel Paul Palmer and Coumba Sow Palmer's ("Defendants") Motion to Dismiss this Adversary Proceeding, and Jody Wayne Tucker and Devon Tucker's ("Plaintiffs") Motion to Amend the Complaint. Defendants seek dismissal for failure to comply with the Court's April 15, 2025, Order which required Plaintiffs to file an amended complaint, along with the appropriate fee, no later than April 29, 2025. Plaintiffs filed a Provisional Motion to Amend the Complaint to add an 11 U.S.C. § 523(a)(6) cause of action to

their 11 U.S.C. § 727 action. Plaintiffs and Defendants objected to each motion respectively. For the reasons cited herein, the Court GRANTS in part, and DENIES in part Defendants' Motion to Dismiss, and DENIES Plaintiffs' Motion to Amend.

## BACKGROUND

Plaintiffs are judgment creditors, holding a $1,937,318.28 state court judgment against Defendants from a personal injury action that occurred prepetition. On November 20, 2024, Defendants filed their Chapter 7 bankruptcy petition. Plaintiffs allege that based on Defendants' pre-petition conduct, along with Defendants' failure to properly disclose assets and liabilities in their Statements and Schedules and other postpetition inaccuracies, Defendants should be denied a discharge pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4) and (a)(5). [Adv. Docket No. 15 (setting forth issues for trial)].

When Defendants' bankruptcy was filed, Plaintiffs were representing themselves without the assistance of counsel. The deadline to object to nondischargeability was February 14, 2025. On that date, Plaintiffs filed a "Motion Objecting to Discharge" [Docket No. 33] that was procedurally incorrect but set forth the basic allegations of an objection to discharge action. Specifically, the "Motion" set forth causes of action under 11 U.S.C. § 727. Defendants objected to the Motion [Docket No. 42] based on Plaintiffs' failure to file an adversary complaint as required by Federal Rule of Bankruptcy Procedure 7001. The Court overruled Defendants' Objection and entered an Order that provided in relevant part:

> [T]he plaintiffs[] shall file an amended complaint, along with the appropriate fee, within (14) fourteen days of entry of this Order… The amended complaint shall relate back to the timely Motion Objecting to Discharge and is limited to issues already raised in the Motion Objecting to Discharge.

[Docket No. 44].

2

An adversary proceeding with Plaintiffs' "Motion Objecting to Discharge" was opened by the Clerk's Office, as instructed by the Court, on April 15, 2025. Plaintiffs retained counsel, and on April 29, 2025, the 14th day from entry of the Court's above order, an Amended Complaint was filed. The filing fee was marked received by the Clerk's Office on May 5, 2025. [Adv. Docket No. 8].

On May 2, 2025, Plaintiffs filed a "Provisional Motion for Leave to Amend the Complaint" [Adv. Docket No. 7] which seeks to add 11 U.S.C. § 523(a)(6) as an additional cause of action to the complaint. Defendants oppose the request as untimely and contrary to the Court's Order limiting the dispute to only those issues raised in the improperly filed "Motion Objecting to Discharge." [Adv. Docket No. 3].

Defendants filed a Motion to Dismiss the Adversary Proceeding based on the additional count attempted to be raised by Plaintiffs and the late payment of the filing fee. [Adv. Docket No. 3]. Plaintiffs responded, asserting that because the Clerk's Office initiated the opening of the adversary proceeding, the normal electronic filing fee notice generated by the Court's CMECF document management system was not generated. After inquiry with the Clerk's Office, Plaintiffs' counsel mailed the fee, and it was received on May 5, 2025. Plaintiffs also contended that the 11 U.S.C. § 523(a)(6) action was rooted in the same facts and occurrences as the 11 U.S.C. § 727 actions and its inclusion was in no way prejudicial to Defendants.

The Court set both matters for hearing on October 15, 2025, and gave parties until September 30, 2025, to file responses or briefs. The Court's Memorandum Opinion obviates the need for a hearing, and therefore, the October 15, 2025, hearing in Courtroom 3, at 10:30 AM, will be canceled.

# DISCUSSION

1. **Motion to Dismiss.**

"[A] proceeding to . . . object to a discharge" is an adversary proceeding. Fed. R. Bankr. P. 7001(d). An adversary proceeding "is commenced by filing a complaint with the court." Fed. R. Civ. P. 3 (made applicable by Fed. R. Bankr. P. 7003). With limited exceptions not applicable here, a complaint must be accompanied by a filing fee. This requirement derives from 28 U.S.C. § 1930(b), the provision of the Judicial Code under which Congress authorized the Judicial Conference of the United States to prescribe fees to be paid in bankruptcy cases.

In the Middle District of Tennessee, the Bankruptcy Court has adopted Administrative Procedures for Electronic Case Filings. ECF Procedure 4 gives clear notice what will occur if filing fees are not timely paid:

> **4.7 Payment of Fees**
> …Fees not paid by an ECF filer within 3 business days of the filing that generated the fee will result in a Filer or User's ECF account being deactivated until such time as all fees due are paid in full. Failure to promptly pay fees will result in suspension or revocation of ECF use. The Clerk will establish the matter and method for payment of fees.

In this case, because the adversary was opened by the Clerk on this Court's order, the regular method for paying the filing fee was unavailable. Paying the fee within a few days, particularly in light of the procedural irregularities, constitutes substantial compliance with this Court's order and with ECF Procedures Rule 4.7. *See In re Rutherford*, 427 B.R. 656, 662 (Bankr. S.D. Ohio 2010) (ECF "procedures impose a consequence for the failure to pay the fee at the time of filing, and the consequence—'locking out' the filing attorney—does not include deeming the document to be unfiled.")

Moreover, there is ample case law, even in the days before electronic filing, where courts regularly excused late filing fees. *See, e.g., Barrazo v. Carter (In re Carter)*, 516 B.R. 638, 644

4

Case 3:25-ap-90042   Doc 18   Filed 10/08/25   Entered 10/08/25 15:20:02   Desc Main
Document      Page 4 of 7

(Bankr. D.N.M. 2014) (adversary proceeding should not be dismissed because plaintiff paid filing fee one day late); *In re Rutherford*, 427 B.R. at 661 (citations omitted) (bankruptcy courts have discretion to deem an objection to dischargeability filed in the main case, without the required fee, as timely and sufficient); *In re Sherf,* 135 B.R. 810, 816 (Bankr. S.D. Tex. 1991) (construing an objection to discharge as timely even though no filing fee accompanied the complaint); *Edwards v. Whitfield* (*In re Whitfield*), 41 B.R. 734, 736 (Bankr. W.D. Ark. 1984) (same).

While the Court may dismiss an adversary proceeding for failing to pay the fee on the filing date, it is not required to do so. A remedy of dismissal is far too harsh. Accordingly, the Court finds that Defendants' Motion to Dismiss based on the lateness of the filing fee should be DENIED.

2. **Motion to Amend Complaint.**

Plaintiffs seek to add an 11 U.S.C. § 523(a)(6) nondischargeability count to their pending complaint. Under Federal Rule of Civil Procedure 15(c) (made applicable by Federal Rule of Bankruptcy Procedure 7015), an amendment to a complaint relates back to the original if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Sixth Circuit has held that "this standard is met if the original and amended complaints allege the same 'general conduct' and 'general wrong.'" *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, 877 F.3d 687, 694 (6th Cir. 2017) (citation omitted).

This result is consistent with the Sixth Circuit's guidance that, when deciding relation-back questions, courts should ask "whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007) (citation omitted). Nonetheless, there is an extensive line of case law, that has been applied

5

to preclude the amendment of an 11 U.S.C. § 727 complaint to add a cause of action under 11 U.S.C. § 523 after the deadline for filing nondischargeability actions, regardless of the factual allegations contained in the original complaint. *See e.g., Magno v. Rigsby* (*In re Magno*), 216 B.R. 34, 42 (B.A.P. 9th Cir. 1997); *Sec'y of Labor v. Hargis* (*In re Hargis*), 44 B.R. 225, 228 (Bankr. W.D. Ky. 1984); *Simpson Cnty. Bank, Inc. v. Fehrle* (*In re Fehrle*), 34 B.R. 974, 975 (Bankr. W.D. Ky. 1983); *Channel v. Channel* (*In re Channel*), 29 B.R. 316, 318 (Bankr. W.D. Ky. 1983) (Section 523 complaint may not be amended into a Section 727 cause of action after the time had expired for initiating nondischargeability actions); *Austin Farm Ctr., Inc. v. Harrison* (*In re Harrison*), 71 B.R. 457, 459-60 (Bankr. D. Minn. 1987); *Rufenacht, Bromagen, and Hertz, Inc. v. Russell,* 69 B.R. 394, 395 (D. Kan. 1987); *Stodd v. Mufti* (*In re Mufti*), 61 B.R. 514, 517 (Bankr. C.D. Cal. 1986) (finding amendment related to 523(a) oral misrepresentation allegations did not put Debtor on notice and bore no relationship to the original complaint allegations of false oaths or accounts).

The reasoning is explained in *Fort Knox Fed. Credit Union v. Brown* (*In re Brown*), 224 B.R. 595 (Bankr. W.D. Ky. 1998):

> These cases all recognize that there are gross differences between causes of action brought under § 523(a) and those brought under § 727, as to the necessary factual basis of the claims, the allegations which must be pleaded, the type, measure, and burdens of proof involved and the ultimate effect of judgment in a plaintiff's favor on the availability of bankruptcy relief to the debtor.
>
> Specifically, when a creditor asserts a cause of action under § 523(a), it seeks to vindicate only its own debt, alone. By contrast, a cause of action asserted under § 727 seeks to deny a debtor a discharge in bankruptcy in its entirety. By bringing a § 727 cause of action, a private creditor assumes something of the role of a trustee. Section 727(a) is directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engaged in objectional conduct that is of a magnitude and effect broader and more pervasive than a fraud on, or injury to, a single creditor. Consequently, the above-cited cases have held that § 523(a) exceptions to discharge and § 727 objections to discharge are two

completely distinct and radically-different causes of action. In fact, this Court has described these two causes of action as lawsuits without generic connection.

*Id.* at 598–99 (internal citations and quotations omitted).

Moreover, the Court allowed the (then) *pro se* Plaintiffs' deficient filing to initiate the adversary proceeding, but one of the conditions for moving forward was that no additional issues would be added. Given the "radically-different" causes of actions, even if based on similar facts, the Court must deny the motion to amend the complaint to add the 11 U.S.C. § 523(a)(6) cause of action in light of the Court's prior order and the persuasive case law cited herein. Accordingly, the Court finds that Plaintiff's Motion to Amend to add the 11 U.S.C. § 523(a)(6) count should be DENIED and Defendants' Motion to Dismiss the 11 U.S.C. § 523(a)(6) count should be GRANTED.

## CONCLUSION

For the reasons stated, the Court finds that Defendants' Motion to Dismiss for failure to timely pay the adversary proceeding filing fee should be DENIED; Defendants' Motion to Dismiss Plaintiff's Amended Complaint as to the 11 U.S.C. § 523(a)(6) count should be GRANTED; and Plaintiff's Motion to Amend the Complaint to add the 11 U.S.C. § 523(a)(6) should be DENIED.

An appropriate order will enter.

---

**THIS MEMORANDUM OPINION WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**